Rollins, S.
—The will of this testatrix contains the provision following: “I bequeath to my niece, Alice McBlair, all the money I die possessed of, in several banks and bonds.”
At the time of her death the decedent was possessed of certain bonds of the United States government, and of certain other bonds of the Delaware and Hudson Canal Company, and divers sums of money belonging to her, and amounting in all to over $22,000, were in the hands of certain incorporated banks and savings banks in this city. All the foregoing property unquestionably passed by the terms of the will to Alice McBlair.
It appears by the petition herein of the ancillary committee of the property of this legatee, who is now a lunatic, that, in addition to the property above specified, there was, at the death of the testatrix, a sum of money belonging to her on deposit with J. Kearney Warren of this city, and another sum on deposit with the Very Reverend Thomas S. Preston.
Should these two sums of money be treated as included among “ moneys in bank” within the meaning of that term as used in the clause of the will above quoted?
I am satisfied, upon the papers before me, that the moneys deposited with Father Preston fall within that category. Whether that is or is not the case as regards such moneys as were, at the death of the testatrix in the hands of Mr. Warren, cannot be determined without further evidence. More definite and precise information should be furnished as to the character of Mr. Kearney’s business and as to the circumstances and conditions under which the testatrix placed in his hands in March, 1881, the sum of $3,000.
Second—The gift to Alice McBlair, whatever may be its extent, is a specific legacy, and, until the assets of the estate not covered by that gift are exhausted, no resort can be had thereto for the payment of debts and funeral and administration expenses.